RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0159p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DONALD E. WILSON,

*Defendant-Appellant*.

No. 22-3799

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:21-cr-00531-1—Benita Y. Pearson, District Judge.

Decided and Filed:  July 28, 2023

Before:  SUTTON, Chief Judge; DAVIS and MATHIS, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:**  Leif B. Christman, LEIF B. CHRISTMAN ESQ., Cleveland, Ohio, for Appellant.
Kelly L. Galvin, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

**OPINION**

─────────────────

MATHIS, Circuit Judge.  In the middle of the day, Donald Wilson fired nine shots at an occupied, moving vehicle, striking the driver multiple times.  He claims he did so in self-defense. But Wilson was a felon at the time; therefore, it was unlawful for him to possess a firearm or ammunition.  Wilson pleaded guilty to being a felon in possession of ammunition and received an above-Guidelines sentence of 46 months' imprisonment.  Wilson appeals, arguing that his sentence is procedurally and substantively unreasonable.  Pertinent here, he asserts that his self-

defense claim should have precluded the district court from relying on U.S.S.G. § 2K2.1(b)(6)(B) to enhance his sentence.  Because the district court failed to make factual findings regarding Wilson's self-defense claim, we vacate Wilson's sentence and remand to the district court for resentencing.

**I.**

On June 6, 2021, at approximately 12:38 p.m., ShotSpotter[1] detected nine gunshots in a neighborhood in Cleveland, Ohio.  Officers responded to the scene and located nine 9mm shell casings near a residence.  The following day, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives spoke with an unknown male who lived in the area.  The male told the agent that he heard gunshots outside and witnessed Wilson shooting out of a Ford F-150 truck as he chased a black Jeep down the street.  A mobile surveillance video captured the shooting incident and footage of officers responding to the incident reported by ShotSpotter.

An investigation into the incident revealed that the shooting followed an argument over money between Wilson and the victim, Wilson's relative.  During an interview, the victim told special agents that as he drove past Wilson, Wilson got out of his truck and shot at his black Jeep several times, hitting the victim in the lower back and neck.  The victim explained that instead of going to the hospital, an acquaintance treated his injuries.  The special agents observed the wounds on the victim's back and neck, and images of the damaged black Jeep, corroborating the victim's story.

A grand jury indicted Wilson for being a felon in possession of the ammunition used in the shooting.  Wilson pleaded guilty without a plea agreement.  Wilson's presentence report recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) (the "firearm enhancement") for shooting "at an occupied vehicle, which constitute[d] Felonious Assault" under Ohio law.  R. 33, PageID 357.  Wilson was never charged in Ohio state court with any offense arising from the shooting.  Wilson objected to the application of the firearm enhancement, asserting that he acted in self-defense.

---

[1]ShotSpotter is a mobile gunshot detection system utilized to detect, record, and locate gunfire and alert law enforcement.  Agencies employ the mapping system to investigate gun activity more quickly and accurately.

At sentencing, Wilson argued that the video surveillance did not capture the individual in the Jeep shooting at Wilson, which he believes justified him shooting back in self-defense as the Jeep drove away. To support this argument, Wilson introduced audio of a witness interview. The witness apparently saw someone shoot out of the back of the Jeep at Wilson. The government countered that Wilson did not act in self-defense and argued that no credible evidence showed that anyone else besides Wilson shot a firearm during the incident.

Prior to the district court ruling on the enhancement, Wilson's counsel reiterated his argument that Wilson had the right to shoot back in self-defense because "[i]f somebody is shooting at you, you have a right to shoot back at them in self-defense, even if you're not allowed to have that gun." R. 41, PageID 473. In response, the following exchange between the district judge and Wilson's counsel took place:

> THE COURT: That's a statement too far for this record. You do not. You don't. You just don't. You do not have the right to shoot back at someone simply because they have shot at you.
>
> MR. CHRISTMAN: I disagree, Judge.
>
> THE COURT: Well, I don't care.
>
> MR. CHRISTMAN: Respectfully.
>
> THE COURT: Because what I have said is the law. Your time is over. Take your seat.
>
> MR. CHRISTMAN: Respectfully.
>
> THE COURT: I have indulged you. It doesn't matter if it's respectful or not, it's wrong.
>
> And it's especially wrong for you, Mr. Wilson. You nor anybody in this room should believe we live in the Wild West. Not only can you not shoot back if someone is shooting at you, you can't even possess a bullet. If a bullet is here and you can reach it, you are in violation of federal law, because that's constructive possession. If it's in your hand, it's actually possessed. You are in violation of federal law. If it's in a weapon, you're in violation of federal law.
>
> What your counsel has done, rather to my amusement, but rather academically as well, is try to get me to believe, well, there was one charge that could have been refuted by a good defense, that being self-defense. It doesn't matter. Because the guidelines require that I consider whether you could have been charged, whether

you were committing a felony offense, not whether you were actually charged with it.

And I need not go so far as to decide whether or not you had a defense against it. But 2K2.1 only requires that you were doing something in violation of some law, federal, state or local, and you were. You claim you have a defense to it. Possibly.

. . .

For a long time now, it's been against the law for you to possess a single bullet. Way back in 2012 that became your circumstance. It doesn't matter what anybody does to you. And don't let anything you have heard in this room cause you to think differently.

. . .

By a preponderance of the evidence, Mr. Wilson, . . . I find that the [firearm] enhancement stands, because you were, as written, in possession of a firearm or ammunition when you committed the felony offense for which you've been indicted and which you've pled guilty.

*Id.* at 474–76.

After the district court overruled Wilson's objection to the firearm enhancement, his advisory Guidelines range was 21 to 27 months' imprisonment. The district court imposed an above-Guidelines sentence of 46 months' imprisonment. This appeal followed.

**II.**

Sentences imposed by district courts are reviewed under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (citation and internal quotation marks omitted).

A district court may procedurally err in imposing a sentence and abuse its discretion by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "Assuming that the district

court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed." *Id.*

**III.**

Wilson challenges the district court's application of the firearm enhancement. We review a district court's interpretation of the Sentencing Guidelines de novo and its findings of facts for clear error. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). Under the clear-error standard, "a reviewing court must ask whether on the entire evidence it is left with the definite and firm conviction that a mistake has been committed." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (quoting *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004)).

Wilson argues that the firearm enhancement does not apply because, although he possessed ammunition as a felon, he was acting in self-defense at the time of the subject incident. The firearm enhancement applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B). For purposes of this subsection, "[a]nother felony offense" includes "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1, cmt. n.14(C).

The alleged felony offense at issue is the Ohio offense of felonious assault. A person commits felonious assault if he knowingly "cause[s] or attempt[s] to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code Ann. § 2903.11(A)(2). Felonious assault is a second-degree felony, punishable by a term of imprisonment exceeding one year. *Id.* §§ 2903.11(D)(1)(a), 2929.14(A)(2)(a). Thus, the firearm enhancement would apply if the government proved that Wilson used or possessed the ammunition that is the subject of the indictment in connection with committing a felonious assault.

In Ohio, self-defense is an affirmative defense to felonious assault. *See State v. Gatewood*, 177 N.E.3d 693, 708 (Ohio Ct. App. 2021). As such, a defendant can raise self-defense to oppose the application of the firearm enhancement. *See United States v. Adkins*, 729 F.3d 559, 564–65 (6th Cir. 2013). The elements of self-defense are:

> (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*State v. Barnes*, 759 N.E.2d 1240, 1244 (Ohio 2002).

Under Ohio law, defendants previously bore the burden of proving "self-defense by a preponderance of the evidence." *Adkins*, 729 F.3d at 564. Effective 2019, the Ohio legislature amended the self-defense statute. *State v. Brooks*, 208 N.E.3d 751, 755–56 (Ohio 2022). Now, "[i]f . . . there is evidence presented that tends to support that the accused person [acted] in self-defense, . . . the prosecution must prove . . . that the accused person did not [act] in self-defense[.]" Ohio Rev. Code Ann. § 2901.05(B)(1). Thus, for self-defense claims, defendants bear the burden of production, but the prosecution bears the burden of persuasion. *State v. Messenger*, --- N.E.3d ---, 2022 WL 17824346, at *4 (Ohio Dec. 21, 2022); Ohio Rev. Code Ann. § 2901.05(A). The "burden of production is not a heavy one." *Messenger*, 2022 WL 17824346, at *5. After a defendant comes forward with evidence of self-defense, the prosecution must prove the defendant did not act in self-defense.

That same analysis applies here. The government was required to prove by a preponderance of the evidence that Wilson committed felonious assault. Because Wilson raised self-defense to negate the application of the firearm enhancement, he was required to come forward with evidence that: (1) he was not at fault for the situation that led to him shooting at the alleged victim, (2) he had a bona fide belief that he was in imminent danger of death or serious bodily injury and that shooting at the alleged victim was his only means of escape, and (3) he did not violate a duty to retreat or avoid danger. *See Barnes*, 759 N.E.2d at 1244. If he satisfied his burden of production, the government was required to disprove one of the three elements of

self-defense by a preponderance of the evidence. *See State v. Petway*, 156 N.E.3d 467, 478 (Ohio Ct. App. 2020).

Although the district court seemingly found by a preponderance of the evidence that the firearm enhancement applied, it made no factual findings about Wilson's self-defense claim. This was error and rendered Wilson's sentence procedurally unreasonable. Under Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure, district courts "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute[.]" "Once the defendant calls the matter to the court's attention, the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). "Rather, the district court must affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence," and in doing so, "the district court must *actually find facts*, and it must do so by a preponderance of the evidence." *Id.* at 415–16 (emphasis in original). The "failure to actually find facts by a preponderance of the evidence on contested matters during sentencing is error." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015). In this respect, literal compliance with Rule 32(i)(3)(B) "enhance[s] the accuracy of the sentence and the clarity of the record." *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003).

Not only did the district court fail to make the requisite factual findings, it rejected Wilson's self-defense claim out of hand based on its belief that Wilson could not invoke self-defense because he did not lawfully possess the ammunition or firearm he used at the time of the subject incident. But we held otherwise in *Adkins*, where we acknowledged that a defendant convicted of being a felon in possession of ammunition could raise self-defense to challenge a firearm enhancement. 729 F.3d at 564; *see also United States v. Walker*, 858 F. App'x 857, 860–61 (6th Cir. 2021).

On remand, the district court must make findings about whether Wilson has satisfied his burden of production on his self-defense claim. If Wilson has satisfied his burden, the district court should determine if the government has disproven Wilson's claim, keeping in mind that Wilson's felon status does not negate the defense.

Because we conclude that the district court procedurally erred, we need not address Wilson's remaining challenges to his sentence.

**IV.**

For these reasons, we VACATE Wilson's sentence and remand for resentencing consistent with this opinion.